Filed 6/17/22  In re D.V. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.V., a Person Coming Under the Juvenile Court Law. | B315746 (Los Angeles County Super. Ct. No. 18CCPJP03881B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. L.C. et al., Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Judge.  Conditionally reversed and remanded with instructions.

California Appellate Project and Andre F.F. Toscano, under appointment by the Court of Appeal, for Defendant and Appellant L.C.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant M.V.

Tarkian & Associates and Arezoo Pichvai for Plaintiff and Respondent.

_____

L.C. (mother) and M.V. (father) appeal from the order terminating parental rights to their child, D.V. (minor), under Welfare and Institutions Code section 366.26.[1]  Both parents contend the Los Angeles County Department of Children and Family Services (the Department) and the juvenile court failed to comply with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California law.  We conditionally reverse, and remand for ICWA compliance.

## FACTUAL AND PROCEDURAL BACKGROUND

Because the sole issue raised in mother's and father's respective appeals is ICWA compliance, we focus primarily on the facts and procedural background relevant to that issue.  In June 2018, the Department filed a petition under section 300, alleging minor and her older half-sister were dependents, based on mother's and father's domestic violence, substance use and

_____

[1] Further statutory references are to the Welfare and Institutions Code unless stated otherwise.

2

abuse, and mental and emotional problems.[2]  Mother told a social worker she had no knowledge of any Indian ancestry, and both parents filed ICWA-020 forms stating that they had no Indian ancestry as far as they knew.  Also in response to questioning from the court at each of their first appearances, both parents verbally denied any knowledge of Indian ancestry. On July 20, 2018, the court found no reason to know ICWA applied.

During its investigation, the Department interviewed a maternal aunt and a paternal aunt, but did not ask either whether they had any information about possible Indian ancestry of the minor.  The paternal aunt stated that minor had 36 cousins.  Father identified a different paternal aunt on a form asking for contact information of relatives, but there is no evidence anyone from the Department attempted to contact that paternal aunt.  Another maternal aunt was previously married to father, and the Department had an address for a third maternal aunt, although the record does not show that the Department was ever in direct contact with either of these two aunts.  A cousin, who father claims on appeal was a paternal cousin, but who is identified in the record as a maternal cousin, went through the resource family assessment process, and minor was placed with the cousin and her family for six months, but there is no evidence the cousin was ever asked about possible Indian ancestry.

The Department's subsequent reports noted the court's July 20, 2018 finding that ICWA did not apply.

---

[2] Minor's half-sibling is not a party to either parent's appeal.

The juvenile court terminated father's reunification services in April 2019, terminated mother's reunification services in January 2020, and terminated parental rights as to minor at a hearing under section 366.26 in October 2021. The order terminating parental rights did not mention ICWA, but the order was "necessarily premised on a current finding by the juvenile court that it had no reason to know [minor] was an Indian child." (*In re Isaiah W.* (2016) 1 Cal.5th 1, 10, italics omitted (*Isaiah W.*).)

## DISCUSSION

*ICWA Requirements and Standard of Review*

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' [Citation.]" (*Isaiah W., supra,* 1 Cal.5th at p. 7.) Both ICWA and California law define an "Indian child" as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see also *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742 (*Benjamin M.*).) State and federal law

4

require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see also *Benjamin M., supra,* 70 Cal.App.5th at p. 741.)

When a social services agency takes a minor into temporary custody, state law imposes on the agency a duty of initial inquiry, which "includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b); *In re H.V.* (2022) 75 Cal.App.5th 433, 437.) Federal regulations explain that the term "extended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2.) Part of the initial inquiry includes requiring each party to complete the ICWA-020 form. (Cal. Rules of Court, rule 5.481(a)(2)(C).) When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is required. (§224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.)

"We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V., supra,* 75 Cal.App.5th at p. 438.)

*Analysis*

The record reflects that even though the Department was aware of several extended family members, and in contact with at least one maternal aunt and one paternal aunt, as well as minor's adult cousin, it made no effort to interview maternal or paternal extended family members about minor's possible Indian ancestry. "The Department's first-step inquiry duty under ICWA and state law was broader [than what is required of a court making inquiry federal law], requiring it also to interview, among others, extended family members and others who had an interest in the child." (*In re H.V., supra,* 75 Cal.App.5th at p. 438; see also § 224.2, subd. (b).)

The Department argues that its ICWA inquiry duties were satisfied when it interviewed mother, provided mother and father with the ICWA-020 forms to complete, and both denied any knowledge of Indian ancestry. We are unpersuaded by the Department's attempt to distinguish the growing number of cases that find error even when one or both parents have denied Indian ancestry. (*Benjamin M., supra,* 70 Cal.App.5th 735; *In re Y.W.* (2021) 70 Cal.App.5th 542; *In re Josiah T.* (2021) 71 Cal.App.5th 388.) As explained in *In re Y.W., supra,* 70 Cal.App.5th at page 554, "Nothing in section 224.2, subdivision (b), relieves the Department of its broad duty to seek that information from 'all relevant' individuals [citation] simply because a parent states on the ICWA-020 form, . . . 'I have no Indian ancestry as far as I know.' Such a rule ignores the reality that parents may not know their possible relationship with or connection to an Indian tribe."

We are also unconvinced by the Department's strained argument that we should ignore the plain language of section

6

224.2, subdivision (b), because the Legislature could not have intended for the Department to interview everyone listed in the statute. The facts before us involve specific extended family members with whom the Department was already in contact. The Department does not deny that the record contains no evidence of any effort to interview those family members about Indian ancestry. Given the Department's failure to interview extended family members despite already being in contact with those family members, the juvenile court's ICWA finding was in error.

Finally, we are unpersuaded by the Department's argument that any ICWA error is harmless. *In re H.V.* involved an appeal from a dispositional order, and this court found prejudicial error without requiring the appealing parent to make any assertion regarding potential Indian ancestry. (*In re H.V., supra,* 75 Cal.App.5th at p. 438.) Regardless of what order is being appealed, neither parent has an affirmative duty to make a factual assertion on appeal regarding Indian heritage that he or she cannot support with citations to the record. (*Ibid.*; *In re Antonio R.* (2022) 76 Cal.App.5th at pp. 435–436; see also *In re N.G.* (2018) 27 Cal.App.5th 474, 484; but see *In re Darian R.* (2022) 75 Cal.App.5th 502, 509–510 [no prejudice where mother under court order to continue providing ICWA information to juvenile court]; *In re A.C.* (2021) 65 Cal.App.5th 1060, 1068–1073.) The Department does not offer any persuasive reason why the fact that a parent is appealing from a later order should lead us to depart from our conclusion in *In re H.V.* that "on this record, which demonstrates that the Department failed to discharge its first-step inquiry duty, we conclude that [parents'] claim of ICWA error was prejudicial and reversible." (*Ibid.)*

## DISPOSITION

The juvenile court's order terminating parental rights under section 366.26 is conditionally reversed. The case is remanded to the juvenile court to order the Department to interview available extended family members—including at least those relatives the Department has already interviewed, such as minor's cousin and aunts, to the extent they are still available— about the possibility of Indian ancestry, and to report on the results of the Department's investigation. Based on the information presented, if the juvenile court determines that no additional inquiry or notice to tribes is necessary, the termination of parental rights is affirmed. If additional inquiry or notice is warranted, the court shall make orders consistent with ensuring compliance with ICWA and related California law.


MOOR, J.


I concur:


KIM, J.

8

In re D.V.
B315746


BAKER, J., Dissenting



      I would affirm because substantial evidence supports the juvenile court's finding that the Indian Child Welfare Act (ICWA) did not apply.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)



              BAKER, Acting P. J.